## SHAEFER v. INTERNATIONAL POWER CO.

(Circuit Court, S. D. New York. August 20, 1907.)

DISCOVERY—REQUIRING PRODUCTION OF BOOKS—FEDERAL STATUTE.

Rev. St. § 724 [U. S. Comp. St. 1901, p. 583], confers authority on a federal court to require a party to produce books or papers for inspection before trial in an action at law, where they apparently contain material facts which are essential to enable the other party to prepare for trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 115.]

At Law. On motion for inspection of books under Rev. St. § 724 [U. S. Comp. St. 1901, p. 583], before trial.

Steele De Friese & Frothingham, for the motion.
Graham & L'Amereaux, opposed.

LACOMBE, Circuit Judge. This is a question of practice, not of substantive law; and the practice, which was settled for this circuit in Gray v. Schneider (C. C.) 119 Fed. 474, and Cameron Lumber Co. v. Droney (C. C.) 132 Fed. 304, should not be abandoned because of the decision in the Third circuit of Cassatt v. Mitchell Coal & Coke Co., 150 Fed. 32, 81 C. C. A. 80, especially so as inspection is granted, in proper cases, in a majority of the other circuits. Bloede v. Bancroft Sons Co. (C. C.) 98 Fed. 175.

Suit was brought in England in the name of defendant against the Diesel Engine Company, which set up a counterclaim and prevailed, entering judgment against defendant. Plaintiff, as assignee of the Diesel Company, is suing on that judgment, and defendant avers that the English suit was brought without its authority and that it was not a party thereto. The burden is upon the plaintiff here to show that the International Power Company directed or authorized the bringing of that suit, and, presumably, that can be done only by entries in the books and papers of defendant. Possibly evidence therein contained may have to be supplemented by other proof. The case is peculiarly one in which inspection should be allowed, and the application is confined closely to the precise point sought to be proved.

The motion is granted, order to be settled on notice, unless counsel can agree as to its terms.